```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  JUSTIN JEAN BAPTISTE,                                     :
                                                            :
                                 Plaintiff,                 :   MEMORANDUM DECISION AND
                                                            :   ORDER
                   - against -                              :
                                                            :   24-cv-05543 (BMC)
  MIDLAND CREDIT MANAGEMENT,                                :
  INC.,                                                     :
                                                            :
                                 Defendant.                 :
                                                            :
----------------------------------------------------------- X
  SHANTEL STATON,                                           :
                                                            :
                                 Plaintiff,                 :
                                                            :   24-cv-05546 (BMC)
                   - against -                              :
                                                            :
  MIDLAND CREDIT MANAGEMENT,                                :
  INC.,                                                     :
                                                            :
                                 Defendant.                 :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

In these consolidated cases, both plaintiffs, represented by the same counsel and using cookie cutter complaints, allege that Midland Credit Management, Inc. sent them a single letter that violated Fair Debt Collection Practices Act. Plaintiffs do not, however, adequately allege an injury in fact. I therefore dismiss the actions for lack of standing.

## BACKGROUND

In his complaint, plaintiff Justin Jean Baptiste alleges that he sent Midland a letter asserting that he "will not pay" a debt it was attempting to collect from him. He didn't dispute the debt or give any other reason why he shouldn't have to pay it. Nevertheless, he claims,

Midland later sent him a collection letter thereafter. Plaintiff Shantel Staton's complaint tells the same story: she sent Midland a letter stating she "will not pay" two debts it was attempting to collect from her. Yet Midland sent her a collection letter. Plaintiffs also include identical boilerplate language alleging that as a result of Midland's letters, they suffered "anger, anxiety, intrusion upon seclusion, invasion of privacy, decreased ability to focus on task while at work, frustration, amongst other negative emotions." That's all they say about how they were injured in fact.

I ordered both plaintiffs to show cause to show cause why the Court should not dismiss this case *sua sponte* for lack of standing. See Tewari v. Sattler, No. 23-cv-36, 2024 WL 177445, at *1 (2d Cir. Jan. 17, 2024), and they have responded. Because the complaints and responses to our order are nearly identical, I consolidated determination of the standing issue. See Federal Rule of Civil Procedure 42(a)(1).

## DISCUSSION

Our jurisdiction extends only to suits presenting a "real controversy with real impact on real persons" – in other words, suits in which the plaintiff has standing. TransUnion LLC v. Ramirez, 594 U.S. 413, 424 (2021) (quoting Am. Legion v. Am. Humanist Assn., 588 U. S. 29, 87 (2019) (Gorsuch, J. concurring)). The Supreme Court has made clear that a person does not have standing merely because "a statute grants [the] person a statutory right and purports to authorize that person to sue to vindicate that right." Spokeo, Inc. v. Robins, 578 U.S. 330, 341 (2016). The complaint must allege facts demonstrating that the defendant likely caused the plaintiff to suffer "an injury in fact that is concrete, particularized, and actual or imminent." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). A concrete injury, the Court has

explained, is an injury with "a close historical or common-law analogue." TransUnion, 594 U.S. at 424.

None of the injuries asserted by the plaintiffs are concrete. The closest plaintiffs get to a common law analogue is the tort of intrusion upon seclusion, a type of invasion of privacy. See Melito v. Experian Mktg. Sols., Inc., 923 F.3d 85, 88 (2d Cir. 2019). The Second Circuit has thus recognized that emotional harms like the ones alleged by the plaintiffs "might form the basis for Article III standing." Maddox v. Bank of N.Y. Mellon Trust Co., 19 F.4th 58, 65 (2d Cir. 2021). But plaintiffs must do more than conclusorily allege that they suffered these injuries; they must "plead enough facts to make it plausible that they did indeed suffer the sort of injury that would entitle them to relief." Id. at 65-66 (quoting Harry v. Total Gas & Power N. Am., Inc., 889 F.3d 104, 110 (2d Cir. 2018)). And neither complaint does so here.

As to the mental harms, plaintiffs do not allege specific manifestations of their decreased focus, anger, frustration, or other "negative emotions." Nor is it plausible that the letters caused such anguish. A debt collection letter can be an annoyance, but receiving a single letter is something any reasonable consumer should expect if that consumer doesn't pay a bill. Here, plaintiffs' complaints do not contest the validity of their debts. Absent some additional facts not pled by plaintiffs here, it would strain plausibility to infer that such a communication could cause anyone to suffer such emotional harm.

Improper communications can form the basis for an intrusion upon seclusion claim, but only if the communications are "highly offensive to a reasonable person." Restatement (Second) of Torts § 652B (1977). Plaintiffs have not pled facts demonstrating that Midland's letters were so offensive, like communications "repeated with such persistence and frequency as to amount to a course of hounding the plaintiff," Gadelhak v. AT&T Servs., Inc., 950 F.3d 458, 462 (7th Cir.

2020), or unsolicited marketing communications, Melito, 923 F.3d at 88.  Thus, the asserted harm is not analogous to one redressable at common law.

## CONCLUSION

The cases are dismissed for lack of standing.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
      August 24, 2024

4